IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 26 2006 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHEN P. VERNET,

                      Plaintiff,          CV-04-2358 (TCP) (WDW)

    -against-                            MEMORANDUM and
                                            ORDER

BELLMORE-MERRICK
CENTRAL HIGH SCHOOL DISTRICT,

                      Defendant.
-----------------------------------------------------------X

PLATT, District Judge.

        Defendant Bellmore-Merrick Central High School District ("Bellmore-Merrick" or "the District") brings this motion for sanctions and attorneys' fees against Plaintiff Stephen P. Vernet ("Mr. Vernet") and his counsel, Mr. Thomas F. Liotti ("Mr. Liotti") pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent power to impose sanctions. For the following reasons, Defendant's Motion is hereby **DENIED**.

## PROCEDURAL HISTORY

        On June 8, 2004, Mr. Vernet filed a Complaint against Bellmore-Merrick claiming that the method for selecting members to the school board violated the "one man, one vote" principle of the 14th Amendment's Equal Protection Clause. Defendant then filed a Motion to Dismiss the Complaint. On October 22, 2004, this Court granted Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See Vernet v. Bellmore-*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEPHEN P. VERNET,

                          Plaintiff,        CV-04-2358 (TCP) (WDW)

    -against-                                MEMORANDUM and
                                             ORDER

BELLMORE-MERRICK
CENTRAL HIGH SCHOOL DISTRICT,

                          Defendant.
------------------------------------------------------X
```

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 2 6 2006 ★
LONG ISLAND OFFICE

PLATT, District Judge.

Defendant Bellmore-Merrick Central High School District ("Bellmore-Merrick" or "the District") brings this motion for sanctions and attorneys' fees against Plaintiff Stephen P. Vernet ("Mr. Vernet") and his counsel, Mr. Thomas F. Liotti ("Mr. Liotti") pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent power to impose sanctions. For the following reasons, Defendant's Motion is hereby **DENIED**.

## PROCEDURAL HISTORY

On June 8, 2004, Mr. Vernet filed a Complaint against Bellmore-Merrick claiming that the method for selecting members to the school board violated the "one man, one vote" principle of the 14th Amendment's Equal Protection Clause. Defendant then filed a Motion to Dismiss the Complaint. On October 22, 2004, this Court granted Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See Vernet v. Bellmore-*

hazing. (Compl. ¶ 56.) Mr. Vernet brought this Complaint against Bellmore-Merrick alleging that he was disenfranchised and adversely affected in his employment by the appointed Board, which he did not elect. (Pl.'s Opp. Mot. Dismiss at 4.) As noted above, the Complaint was later dismissed by the Court.

2. *The Rosenthal Decision*

The Court granted Defendant's Motion to Dismiss largely because of the *stare decisis* impact of a 1974 decision by this Court which involved similar claims and the same Defendant, *Rosenthal v. Bd. of Educ. of the Central Sch. Dist. No. 3 of the Town of Hempstead*, 385 F. Supp. 223 (E.D.N.Y 1974) *aff'd* 420 U.S. 985 (1975). In *Rosenthal*, a three-judge panel of this Court held that the Board's two-tiered process of selection was essentially appointive in nature and therefore the principle of "one man, one vote" did not apply. *Id.* at 227. The *Rosenthal* Court concluded that this voting system was Constitutional.

3. *Vernet's Arguments in Opposition to Defendant's Motion to Dismiss*

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss raised two main arguments in support of his claim. First, Mr. Vernet argued that a case decided by this Court, *Jackson v. Nassau County Bd. of Supervisors*, 818 F. Supp. 509 (E.D.N.Y. 1993), had altered the legal landscape since *Rosenthal* was decided. (Pl.'s Opp. Mot. Dismiss at 8-9.) In *Jackson*, this Court held that the system used for electing the Nassau County Board of Supervisors, in which the five Towns in Nassau County received different

3

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 2 6 2006 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN P. VERNET,

                            Plaintiff,        CV-04-2358 (TCP) (WDW)

    -against-                           **MEMORANDUM** and
                                                     **ORDER**

BELLMORE-MERRICK
CENTRAL HIGH SCHOOL DISTRICT,

                            Defendant.
----------------------------------------------------------X
PLATT, District Judge.

        Defendant Bellmore-Merrick Central High School District ("Bellmore-Merrick" or "the District") brings this motion for sanctions and attorneys' fees against Plaintiff Stephen P. Vernet ("Mr. Vernet") and his counsel, Mr. Thomas F. Liotti ("Mr. Liotti") pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent power to impose sanctions. For the following reasons, Defendant's Motion is hereby **DENIED**.

## PROCEDURAL HISTORY

        On June 8, 2004, Mr. Vernet filed a Complaint against Bellmore-Merrick claiming that the method for selecting members to the school board violated the "one man, one vote" principle of the 14th Amendment's Equal Protection Clause. Defendant then filed a Motion to Dismiss the Complaint. On October 22, 2004, this Court granted Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See Vernet v. Bellmore-*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHEN P. VERNET,

                    Plaintiff,        CV-04-2358 (TCP) (WDW)

-against-                        **MEMORANDUM** and
                                               **ORDER**

BELLMORE-MERRICK
CENTRAL HIGH SCHOOL DISTRICT,

                    Defendant.
-----------------------------------------------------------X
PLATT, District Judge.

        Defendant Bellmore-Merrick Central High School District ("Bellmore-Merrick" or "the District") brings this motion for sanctions and attorneys' fees against Plaintiff Stephen P. Vernet ("Mr. Vernet") and his counsel, Mr. Thomas F. Liotti ("Mr. Liotti") pursuant to 28 U.S.C. § 1927 ("Section 1927") and the Court's inherent power to impose sanctions. For the following reasons, Defendant's Motion is hereby **DENIED**.

## PROCEDURAL HISTORY

        On June 8, 2004, Mr. Vernet filed a Complaint against Bellmore-Merrick claiming that the method for selecting members to the school board violated the "one man, one vote" principle of the 14th Amendment's Equal Protection Clause. Defendant then filed a Motion to Dismiss the Complaint. On October 22, 2004, this Court granted Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See Vernet v. Bellmore-*

*Merrick Central High School District*, 343 F. Supp. 2d 186 (E.D.N.Y. 2004), *aff'd* 155 Fed. Appx. 32 (2d Cir. 2005)

On January 30, 2006, the parties submitted their papers on the instant Motion for Sanctions and Attorneys' Fees.

## STATEMENT OF FACTS

1. *The Parties*

The Defendant, Bellmore-Merrick Central High School District, located in the Town of Hempstead, New York, provides education services for resident students in grades K-12. The District is composed of four separate smaller districts ("the districts"): North Bellmore, Bellmore, Merrick, and North Merrick. The boards of education of each district ("the boards") are elected directly by the qualified voters in their respective districts. (Def.'s Mem. Supp. Sanctions ("Def.'s Mem.") at 3.) The elected boards then appoint two of their members to sit on Bellmore-Merrick's Board of Education (the "Board"). The Board is the policy making body for the two middle-school and three high-schools in the District. (Compl. ¶ 17.) The residents of the component districts have no right to vote directly for members of the Board. It is this two-tiered system for choosing the Board which gave rise to Plaintiff's claim.

Plaintiff is a resident of Bellmore, a registered voter in the District and a former part-time assistant football coach at Mepham High School. (Pl.'s Mem. Opp. Sanctions at 1.) Mr. Vernet was fired from his position as an assistant football coach when students he was coaching were involved in incidents of

2

hazing. (Compl. ¶ 56.) Mr. Vernet brought this Complaint against Bellmore-Merrick alleging that he was disenfranchised and adversely affected in his employment by the appointed Board, which he did not elect. (Pl.'s Opp. Mot. Dismiss at 4.) As noted above, the Complaint was later dismissed by the Court.

2. *The Rosenthal Decision*

The Court granted Defendant's Motion to Dismiss largely because of the *stare decisis* impact of a 1974 decision by this Court which involved similar claims and the same Defendant, *Rosenthal v. Bd. of Educ. of the Central Sch. Dist. No. 3 of the Town of Hempstead*, 385 F. Supp. 223 (E.D.N.Y 1974) *aff'd* 420 U.S. 985 (1975). In *Rosenthal,* a three-judge panel of this Court held that the Board's two-tiered process of selection was essentially appointive in nature and therefore the principle of "one man, one vote" did not apply. *Id.* at 227. The *Rosenthal* Court concluded that this voting system was Constitutional.

3. *Vernet's Arguments in Opposition to Defendant's Motion to Dismiss*

Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss raised two main arguments in support of his claim. First, Mr. Vernet argued that a case decided by this Court, *Jackson v. Nassau County Bd. of Supervisors*, 818 F. Supp. 509 (E.D.N.Y. 1993), had altered the legal landscape since *Rosenthal* was decided. (Pl.'s Opp. Mot. Dismiss at 8-9.) In *Jackson*, this Court held that the system used for electing the Nassau County Board of Supervisors, in which the five Towns in Nassau County received different

3

"weighted votes" on the County Board depending on their populations, was unconstitutional. *Id.* at 531-35; *see infra* p. 7 (discussing *Jackson* in greater detail). Mr. Vernet argued that like the Board of Supervisors, the Bellmore-Merrick Board was an unconstitutional weighted voting system. (Pl.'s Mem. Opp. Mot. Dismiss at 9.)

Second, Plaintiff argued in essence that *Rosenthal* was wrongly decided because the plaintiff was unable to "conduct evidentiary exploration of the issue of elective versus appointive nature of the [Board]." (Pl.'s Mem. Opp. at 7.) Mr. Vernet reasoned that the Motion to Dismiss should be denied and he should be given the opportunity to conduct discovery to determine whether the members of the Board were actually elected by the individual district boards. (Pl.'s Mem. Opp. Dismiss at 7.)

5. *This Court's Opinion*

This Court granted Defendant's Motion to Dismiss on the basis of the *Rosenthal* Court's decision. *See Vernet*, 343 F. Supp. 2d at 190. In our multi-page opinion (the "Opinion"), we carefully compared the facts of *Jackson* to the facts here before concluding that *Jackson* was distinguishable. *Id.* The Court also found that Plaintiff's argument concerning discovery was without merit because Mr. Vernet failed to allege certain facts in his Complaint to sustain this claim. *Id.* at 188-89.

6. *The Arbitrations*

4

During the pendency of this case, Plaintiff and Defendant have been engaged in various arbitrations related to Plaintiff's termination. Defendant alleges that Plaintiff brought this action only to pressure the District in these arbitrations. (Def.'s Mem. at 13-14.)

## DISCUSSION

Defendants request sanctions pursuant to Section 1927 and the Court's inherent power to impose sanctions. We shall discuss each of these grounds in turn.

A. Sanctions Under 28 U.S.C. § 1927

Under Section 1927, a court may impose sanctions against an attorney only when such attorney "multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927. Courts have generally held that the elements of unreasonableness and vexatiousness are satisfied by showing (i) that the claim was without a colorable basis, and (ii) that it was brought in bad faith. *See Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1273 (quoting *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1010 (2d Cir. 1986) ("Imposition of a sanction under § 1927 requires *inter alia* a 'clear showing of bad faith.'")

    1. *Colorable Claim*

To demonstrate that Plaintiff's claims lack color, Defendant repeatedly points out that this Court found the claims to be meritless. (Def.'s Mem. at 6, 8-11.) However, a court's decision to dismiss a claim for lack of merit under Rule 12(b)(6) does not necessarily imply that such claims were frivolous or not colorable under Section 1927. The Second Circuit has made this distinction clear:

> [A] claim that fails as a matter of law is not necessarily lacking *any* basis at all. A claim is colorable when it reasonably *might* be successful, while a claim lacks a colorable basis when it is *utterly devoid of a legal or factual basis*.

*Schlaifer Nance & Co., Inc.*, 194 F.3d at 337 (emphasis added); *see also Thypin Steel Co. et al. v. Certain Bills of Lading Issued for Cargo of 3017 Metric Tons, More or Less, of Hot Rolled Steel Plate Laden on Board the M/V Geroi Panfilovsky*, 1998 WL 912100, at *7 (S.D.N.Y. Dec. 30, 1998) (granting in part defendant's Motion to Dismiss but holding that plaintiff's allegations were "not so baseless or so without merit as to warrant the imposition of sanctions, which is a harsh punishment reserved for the raising of claims that are totally frivolous and without merit.").

Plaintiff's claim was not utterly devoid of a legal basis. As noted above, Mr. Liotti argued that *Jackson* had altered the legal landscape established by *Rosenthal*. (Pl.'s Opp. Mot. Dismiss at 8-9.) In *Jackson*, residents of the Town of Hempstead in Nassau County challenged the weighted voting system used by the County in part because the allocated number of votes for each municipality was "not directly proportional to the population of the municipalities and

6

therefore violate[d] on its face the 'one person, one vote' principle mandated by the ... Fourteenth Amendment." 818 F. Supp. at 511. The Court agreed with the residents, holding that the system was unconstitutional. Mr. Vernet analogized the voting system used by the Bellmore-Merrick Board to Nassau County's former system, essentially arguing that the populations of the four smaller districts were not directly proportional the number of votes the district received on the Board. (Pl.'s Opp. Mot. Dismiss at 9.)

At no point during the litigation did this Court ever describe Mr. Liotti's argument as frivolous or without any legal or factual basis. In fact, during oral argument, this Court stated that Plaintiff was "petitioning me to change the law as being unconstitutional", certainly not a frivolous reason for bringing suit. (Oral argument transcript, October 15, 2004, at 6.) In the Opinion, we analyzed plaintiff's arguments under *Jackson* at length, and although we ultimately found the case distinguishable, it was never suggested that the argument was unreasonable. *Vernet*, 343 F. Supp. 2d at 188-89. Moreover, Plaintiff (and this Court) were unaware of any case that had analyzed *Rosenthal* in light of *Jackson*. (Pl.'s Opp. Mem. at 7.) Thus, Plaintiff's argument apparently broached new legal ground and had a legal basis.

Plaintiff's other argument in opposition to the Motion - that discovery should be permitted to substantiate his allegation that the Board was elected - was also not "utterly devoid of a legal or factual basis." *Schlaifer Nance & Co., Inc.*, 194 F.3d at 337. In determining whether a factual basis exists for the

purpose of imposing sanctions, the Second Circuit has ruled that "[t]he question is whether a reasonable attorney could have concluded that facts supporting the claim might be established not whether such facts actually had been established." *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980). Here, Plaintiff argued that he could establish that the representative school boards voted for the members of the Bellmore-Merrick School Board rather than appointing it. (Pl.'s Opp. Mot. Dismiss at 8.) We ultimately rejected this argument because these facts were not properly alleged in the Complaint. *Vernet*, 343 F. Supp. 2d at 189. However, we did not find that Plaintiff's counsel would never have been able to establish these facts, or could not establish them as a matter of law. Accordingly, Defendant has not met the high standard for imposing sanctions under Section 1927.

The cases Defendant cites in which courts awarded sanctions, including *inter alia Pentagen Technologies Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 471-72 (S.D.N.Y. 2001), *aff'd* 63 Fed. Appx. 538 (2d Cir. 2003), and *Nemeroff*, 704 F.2d 652, are inapposite. In *Pentagen Technologies*, plaintiffs brought a number of *qui tam* claims against defendants. The Complaint filed in *Pentagen Technologies* was the *ninth* suit plaintiffs had filed against defendants, all of which alleged similar claims. Two of the previous suits involving *qui tam* claims had already been dismissed. 172 F. Supp.2d at 461. The Court granted defendants' Motion for Sanctions pursuant to Section 1927 because of plaintiff's filing of repetitive and frivolous actions. *Id.* at 474. The instant case is clearly

distinguishable. Plaintiff's counsel has filed only one action against Defendant and the only other case ruling upon these issues was decided over thirty (30) years ago.

*Nemeroff*, 704 F.2d 652 is similarly distinguishable. In *Nemeroff*, the Second Circuit upheld sanctions against plaintiffs because of their frivolous conduct *during* the litigation. The Court found that plaintiffs failed to buttress their claims after a key piece of evidence was found not to be credible, and that they engaged in dilatory conduct during discovery. The Court specifically found that plaintiffs did not act improperly by *commencing* their suit. *Id.* at 655. The instant action concerns whether Plaintiff acted improperly in commencing the litigation. Discovery did not even take place. Thus, the cases Defendant relies on to show the claims lacked color are wholly inapposite and Defendant's argument fails.

2. *Bad Faith*

Defendant also fails to show that Plaintiff brought the claim in bad faith under Section 1927. The Second Circuit has held that bad faith may be found "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Shafii v. British Airways PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (internal quotations omitted); *see also Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995) (defining bad faith as "motivated by improper purposes such as harassment or delay.")

Defendant makes two arguments attempting to establish bad faith. Defendant first argues that Plaintiff failed to initiate discovery, thereby delaying the case. (Def.'s Mem. at 13.) Defendant cites *Nemeroff* to argue that the pace of discovery is an appropriate factor to consider in determining bad faith. This argument is clearly without merit as this case terminated when the Court granted Defendant's Motion to Dismiss. Thus, there was never an opportunity for discovery. In *Nemeroff*, by contrast, it appears that no motion to dismiss was filed and the case terminated through a voluntary stipulation. 704 F.2d at 654. Thus, the pace of discovery is not in issue here.

Defendant also argues that Plaintiff commenced this action to pressure the District in a related arbitration action. (Def.'s Mem. at 13-14.) Defendant submits no substantive evidence to show this was Plaintiff's motive. Moreover, to the extent the commencement of the litigation constituted improper pressure, such pressure was certainly limited. Plaintiff filed his Complaint in June 2004. A mere five months later, this Court granted Defendant's Motion to Dismiss, terminating the case. Defendant cites *Tedeschi v. Smith Barney, Harris Upham & Co, Inc.*, 579 F. Supp. 657 (S.D.N.Y. 1984) in support of his argument concerning unwarranted pressure. In *Tedeschi*, plaintiff brought a number of claims, including one wrongly charging defendant's attorney with making false statements during an arbitration proceeding involving the two parties. The Court warned that "[t]he concept of this claim borders on the frivolous[.]" *Id.* at 662. Plaintiff's attorney continued to argue in favor of the claim at subsequent Court

proceedings. Defendant then brought a motion for sanctions, which the Court granted. In allowing sanctions against the plaintiff, the Court noted plaintiff's failure to heed its warnings or to conduct the litigation in an efficient manner. Here, no warning was given to Mr. Vernet that his claims might be frivolous; nor was discovery conducted. Accordingly, Defendant is unable to demonstrate that Plaintiff brought the suit in bad faith and Defendant's claim for sanctions under Section 1927 fails.

B. <u>Defendant's Motion for Sanctions and Attorneys' Fees Pursuant to the Court's Inherent Powers</u>

The standard governing a Court's imposition of sanctions under its inherent powers is markedly similar to the standard used for sanctions under Section 1927. "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith[.]" *Schlaifer Nance & Co., Inc.*, 194 F.3d at 336. The Second Circuit has held that the "only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri*, 803 F.2d at 1273.

This Court has already found that Defendant is not entitled to sanctions against Mr. Liotti under Section 1927. There are even fewer grounds

for sanctioning Mr. Vernet, as most of Defendant's greivances are properly directed toward Plaintiff's attorney, rather than Plaintiff. (*See e.g.* Def.'s Mem. *passim* ("Plaintiff failed to notice a single deposition or to issue a single discovery demand[.]"; "Plaintiff failed to refer the Court to *any* authority . . . which even calls into question the decision or rationale of *Rosenthal*"; "Plaintiff's reliance on [certain cases] was misplaced[.]") Thus, as Defendant's arguments for sanctioning Mr. Liotti fail under Section 1927, so must its arguments for sanctioning both Mr. Liotti and Mr. Vernet under the Court's inherent powers.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Sanctions and Attorneys' Fees is hereby **DENIED**.

**SO ORDERED.**

/S/_____
Thomas C. Platt, U.S.D.J.

Dated: June 26, 2006
Central Islip, New York